```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| BARBARA PARRAN, ET AL. | : |
| v. | : Civil Action No. DKC 2005-3418 |
| GERALD KEITH BUTLER, ET AL. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendants' motion for summary judgment asserting a statute of limitations defense.  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion will be denied.

This is a personal injury case.  The subject accident occurred, according to Plaintiffs' complaint, on December 21, 2002 at approximately 4:00 p.m.  The complaint was date stamped received and filed by the clerk of this court on December 22, 2005, at 9:07 a.m.  If the date stamp is correct, this action was filed one day beyond the applicable three year statute of limitations. Plaintiffs assert, however, that the complaint was lodged with a representative of the clerk's office the afternoon before, on December 21, 2005, at 4:17 p.m.  The evidence presented in support of that assertion is an affidavit from a custodian of records, Cesar A. Perez, of what is asserted to be the courier company.  The attached business record purports to show that someone named "R Alexander" signed a wireless "POD method" in Suite 240 of the

Clerk's Office. Plaintiffs assert that the complaint was filed "after hours."

While the court's record and its date stamp are presumptively correct, *see, e.g., Stevenson v. Wenner*, 102 Ohio App.3d 289, 656 N.E.2d 1386 (Ohio App. 1995), a party may seek to contradict those records by competent evidence, *see, e.g., Balm v. City of Cape May*, 3 N.J.Misc. 58, 127 A. 88 (N.J.), *aff'd*, 127 A. 923 (N.J. 1925); *Rabtoy v. Waterbury Hosp.*, No. CV93-0341384, 1994 WL 60038 (Conn. Super. Feb. 14, 1994). Surely, evidence from a courier company that the item was in fact delivered to and received by the clerk on a different date can suffice. The question here is whether Plaintiffs have forecast sufficient admissible evidence to withstand summary judgment. While thin, they have and the issue will have to be determined at trial based on the conflicting evidence.

Defendants' reply contends that Plaintiffs' evidence is deficient because it does not identify the courier company, or provide a telephone number for the affiant, and provides no supporting documentation. There is no requirement that such identifying information be included in the affidavit, and the records attached seem to indicate that the "signing" was done on a wireless device. Defendants will be provided an opportunity to conduct discovery in advance of trial on this issue. Plaintiffs

will be directed to supply the name, address, and telephone number for the courier company.

Accordingly, the motion for summary judgment, raising the statute of limitations defense, will be denied.

/s/
DEBORAH K. CHASANOW
United States District Judge